UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORENO, et al., | No. 2:13-cv-00691-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| ROSS ISLAND SAND & GRAVEL CO., et al., | |
| Defendants. | |

This matter is before the court on plaintiff Jared Mitchell's motion to modify the scheduling order. ECF No. 106. The motion was submitted without a hearing, and is now GRANTED.

I.  BACKGROUND

Jared Mitchell and Michael Moreno were injured in a boating accident. In this action they seek to recover damages from Ross Island Sand & Gravel, Co., the only remaining defendant. Mitchell's injuries included damage to his right hand, for which he has received treatment from a plastic surgeon and physical therapy. *See* MacLaughlin Decl. Ex. A, at 4–5, 6, 9. ECF No. 106-2. He continues to receive treatment for pain and limitations in his hand. *See id.* Ex. A, at 12–14.

1

1    By previous order, "[a]ll expert discovery" was to be "completed by October 24,
2    2014." Status (Pretrial Sched.) Order, Sept. 11, 2013, at 4, ECF No. 50 (emphasis omitted). That
3    order provided "that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status
4    (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of
5    good cause." *Id.* at 10.  The same order also noted the consequences of neglecting the expert
6    disclosure schedule, warning the parties that a "[f]ailure . . . to comply with the disclosure
7    schedule . . . in all likelihood will preclude that party from calling the expert witness at the time
8    of trial," *id.* at 3, and required a party seeking to offer testimony of an unlisted expert witness to
9    show "(a) that the necessity for the witness could not have been reasonably anticipated at the time
10   the list was proffered; (b) that the court and opposing counsel were promptly notified upon
11   discovery of the witness; and (c) that the witness was promptly made available for deposition," *id.*

12   In January 2015, Mitchell's attorney learned for the first time that Mitchell had
13   sought treatment from Dr. Toby Johnson, M.D.  MacLaughlin Decl. ¶ 4.  On January 29, 2015,
14   counsel submitted plaintiffs' third supplemental disclosure of expert testimony, adding Dr.
15   Johnson to the list of potential witnesses.  *Id.* Ex. B.  Counsel avers Dr. Johnson is serving solely
16   as Mitchell's treating physician, that his office played no role in the decision to seek treatment
17   from Dr. Johnson, and that his office's sole communication with Dr. Johnson was to obtain the
18   physician's file in February 2015.  *Id.* ¶ 5.  Ross Island did not agree to submit a stipulated
19   request to amend the scheduling order, and Mitchell filed the current motion.  *Id.* ¶ 6.  Ross Island
20   filed an opposition, ECF No. 107, and Mitchell replied, ECF No. 108.

21   II.    LEGAL STANDARD

22   A pretrial scheduling order may be modified if a party, despite its diligence, cannot
23   reasonably be expected to meet the order's deadlines.  *Johnson v. Mammoth Recreations*, Inc.,
24   975 F.2d 604, 609 (9th Cir. 1992).  When a party requests changes to the scheduling order, the
25   court's inquiry focuses on that party's honest attempt to comply; he must demonstrate his
26   "diligence," the common antonym for carelessness, questionable strategy, and delay.  *See, e.g.,*
27   *Calderon v. Target Corp.*, No. 12-1781, 2013 WL 4401430, at *7 (S.D. Cal. Aug. 15, 2013);
28   *Alibaba.com H.K. Ltd. v. P.S. Prods.*, 2012 U.S. Dist. LEXIS 36749, at *5–6 (N.D. Cal. Mar. 19,

2

2012); *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996). Prejudice to another party may reinforce the court's decision to deny leave to amend, but Rule 16's standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.3d at 609. The court's decision is one of discretion. *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

Although Mitchell's motion is one to modify the court's status (pretrial scheduling) order, he also argues Dr. Johnson should be allowed to testify at trial despite his omission from the original witness list. *See* Mot. Am. 3–5 (citing *Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1108–09 (10th Cir. 1998) (reviewing an order denying a motion for mistrial; determining whether the district court abused its discretion in allowing testimony not specified in a pretrial order)). Here no final pretrial conference has been conducted. The court therefore evaluates Mitchell's request for good cause.

Mitchell's counsel disclosed Dr. Johnson's treatment and forwarded Mitchell's file soon after learning Mitchell had sought additional treatment. No evidence suggests strategic delay, an attempt at surprise, carelessness, or even that Mitchell's decision to see Dr. Johnson was connected to this lawsuit at all. Ross Island suggests Mitchell "is 'picking and choosing' which doctors to disclose," Opp'n 7; far more plausibly Mitchell saw a new doctor after receiving a referral, and didn't think to tell his lawyer, *see id.* (citing Mitchell's medical records). In any event, trial is several months away, the pending motions for summary judgment do not address damages or the extent of Mitchell's injuries, and Ross Island may mitigate any disadvantage by deposing Dr. Johnson if it chooses, as ordered below.

III.  CONCLUSION

The motion is GRANTED. Ross Island may conduct the deposition of Dr. Toby Johnson, M.D., before the final pretrial conference, currently set for July 16, 2015. This order disposes of ECF No. 106.

IT IS SO ORDERED.

DATED: May 22, 2015.

_____
UNITED STATES DISTRICT JUDGE

3