UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORENO, et al., | No. 2:13-cv-0691-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| ROSS ISLAND SAND & GRAVEL CO., et al., | |
| Defendants. | |

        A jury trial was held in this case in October and November 2015. The jury reached a verdict on November 3, 2015, ECF No. 238, and since then the parties have briefed several matters related to the judgment. ECF Nos. 245, 246, 247, 248, 251, 252, 254, 256, 257, 258, 259, 260, 261, 263. The substance of their dispute is the amount Ross Island owes to plaintiff Jared Mitchell: is it $1.5 million or $150,000? *Compare, e.g.*, Ross Island Tr. Br. Ex. A, ECF No. 245, *and* Moreno Tr. Br. Ex. A, ECF No. 246. On February 18, 2016, the court stayed execution of the judgment and stayed the writ of execution until these matters are resolved. *See* Minute Order, ECF No. 262.

        The matter is now before the court on defendant Ross Island Sand & Gravel Co.'s *ex parte* application to stay all judgment-related discovery and for a protective order barring all

1

1  judgment-recovery efforts pending resolution of the post-trial matters cited above.  *See* Ex Parte

2  Appl., ECF No. 266.  The plaintiffs oppose the application.  Opp'n, ECF No. 267.

3  Federal Rule of Civil Procedure 69 provides for judgment-related discovery:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

7  Fed. R. Civ. P. 69(a)(2).  Thus "Rule 69 provides judgment creditors with two paths for

8  propounding discovery on third parties: federal law or the state law in which the district court

9  sits."  *NML Capital Ltd. v. Republic of Argentina*, No. 14-492, 2014 WL 3898021, at *4 (D. Nev.

10  Aug. 11, 2014); 12 Charles A. Wright, et al., *Federal Practice & Procedure* § 3014 (2d ed. 2014).

11  This Rule allows the application of Federal Rule of Civil Procedure 26(c)(1), which provides that

12  the court may enter a protective order "to protect a party or person from annoyance,

13  embarrassment, oppression, or undue burden or expense" that may arise in discovery.  *See, e.g.*,

14  *Montgomery vs. Etreppid Techs., LLC*, No. 06-0056, 2009 WL 465941, at *1 (D. Nev. Feb. 25,

15  2009); *Halliburton Energy Servs., Inc. v. NL Indus.*, 618 F. Supp. 2d 614, 659–61 (S.D. Tex.

16  2009).  The state alternative includes similar protections.  *See, e.g.*, Cal. Civ. Proc. Code

17  § 2030.090(b) ("The court, for good cause shown, may make any order that justice requires to

18  protect any party or other natural person or organization from unwarranted annoyance,

19  embarrassment, or oppression, or undue burden and expense.").

20  Here, execution of the judgment has been stayed until the court can resolve the

21  parties' disputes about the judgment's size, but not its existence.  Ross Island argues essentially

22  that because the size of the judgment remains uncertain, judgment-related discovery should be put

23  on hold.  This argument does not account for the fact that whatever the value the judgment may

24  be, Ross Island will not escape liability even if its post-trial motions are granted.  And "the scope

25  of post-judgment discovery is broad." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. 06-

26  3219, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009).  For example, the plaintiffs may

27  attempt in post-judgment discovery to "identify assets that can be used to satisfy [the] judgment."

28

1  *1ST Tech., LLC v. Rational Enters. Ltd.*, No. 06-1110, 2007 WL 5596692, at *4 (D. Nev. Nov.13,
2  2007) (citation and quotation marks omitted).
3        Neither does Ross Island explain why the information it seeks to withhold—
4  information about its corporate structure, assets, licenses, and so on—is so "sensitive" that its
5  production would cause annoyance, embarrassment, oppression, undue burden or expense. *See*
6  Ex Parte Appl. at 3.  Less drastic measures than a categorical bar on discovery are available if
7  Ross Island is concerned its confidential business information may be misused or the plaintiffs'
8  requests are overbroad.
9        The *ex parte* application is DENIED.  This order resolves ECF No. 266.
10        IT IS SO ORDERED.
11  DATED: March 23, 2016.

                                      UNITED STATES DISTRICT JUDGE