UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORENO, et. al., | No. 2:13-cv-00691-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| ROSS ISLAND SAND & GRAVEL CO., et. al., | |
| Defendants. | |

Defendant Ross Island Sand & Gravel Co. brings this motion to quash plaintiff Jared Mitchell's writ of execution, which orders Ross Island to pay his $1.5 million damages judgment. ECF Nos. 256–259. Ross Island also seeks to clarify the judgment and for a protective order limiting post-judgment discovery. *Id.*; Mot. Protective Order, ECF No. 270. The plaintiffs oppose all three motions. ECF Nos. 260–61, 263, 272. The motions were submitted without oral argument. ECF No. 262. The motion to quash is denied, the motion to clarify is granted, and the motion for a protective order is denied as moot.

I.  BACKGROUND

Michael Moreno and his stepson Jared Mitchell were injured in a boating accident after the boat Michael Moreno was driving hit Ross Island's dredge pipeline. Deanna Moreno,

1

1   Michael Moreno's wife and Jared Mitchell's mother, suffered emotional distress.  The plaintiffs'
2   negligence claim against Ross Island proceeded to trial.  Contrary to the usual course in an
3   admiralty suit, the case was tried to a jury in light of the unusual procedural circumstances
4   presented.  *See* Order on Summ. J. 20–30, ECF No. 136.  On November 3, 2015, the jury found
5   Michael Moreno had sustained $400,000.00 in damages; Jared Mitchell $1.5 million; and Deanna
6   Moreno $25,000.00.  ECF No. 238.  The jury assigned ninety percent of the fault for the accident
7   to Michael Moreno and ten percent to Ross Island.  *Id.*

8   Following the jury's verdict, the parties filed proposed forms of judgment and trial
9   briefs in support of their proposals.  ECF Nos. 245–248.  The court did not specifically address
10  the briefs and ordered "[t]hat judgment is hereby entered in accordance with the jury verdict
11  rendered 11/3/2015."  ECF No. 250.  After the entry of judgment, Jared Mitchell requested and
12  was granted a writ of execution for $1.5 million in general damages.  ECF No. 255.  In response,
13  Ross Island filed *ex parte* applications for an order to stay enforcement of the writ of execution
14  pending its motions to quash and for clarification, ECF No. 256; s*ee also* ECF Nos. 257–259.
15  The court stayed execution of the judgment and writ of execution pending resolution of Ross
16  Island's motions.  ECF No. 262.  The plaintiffs filed a combined brief, as the court ordered, in
17  opposition to Ross Island's motions.  ECF No. 263.  Ross Island replied.  ECF No. 265.

18  Ross Island also moves for a protective order limiting post-judgment discovery.
19  ECF No. 270.  It argues many of the plaintiffs' discovery requests are irrelevant or meant not to
20  collect useful information, but to harass.

21  II.  LEGAL STANDARDS

22  A.  Writs of Execution

23  "A money judgment is enforced by a writ of execution unless the court directs
24  otherwise."  Fed. R. Civ. P. 69(a)(1).  No federal statute governs here, so state procedural law
25  applies.  *See id.*; *see also Century 21 Real Estate, LLC v. All Prof'l Realty, Inc.*, No. 11-2497,
26  2013 WL 3146805, at *2 (E.D. Cal. June 18, 2013); *Office Depot, Inc. v. Zuccarini*, 621 F. Supp.
27  2d 773, 775 (N.D. Cal. 2007).  In California, a party enforces a money judgment by writ of
28  execution.  Cal. Civ. Proc. Code §§ 699.010, 699.510.  A court can recall and quash a writ of

2

execution if it was improperly ordered. *Evans v. Superior Court of L.A. Cty.*, 20 Cal. 2d 186, 188 (1942); *see also Dakota Payphone, LLC v. Alcaraz*, 192 Cal. App. 4th 493, 508 (2011) (void portion of judgment can be stricken and severed from valid judgment); *Plaza Hollister Ltd. v. Cty. of San Benito*, 72 Cal. App. 4th 1, 21 (1999) (court can declare void judgment null at any time); *Jones v. World Life Research Inst.*, 60 Cal. App. 3d 836, 840 (1976) (writ of execution improper when issued to enforce a void judgment; writ of execution may be recalled if improvidently issued). Whether a motion to quash is granted is left to the district court's discretion. *United States v. Watson*, 29 F. App'x 455, 456 (9th Cir. 2015) (citing *United States v. Chen*, 99 F.3d 1495, 1499 (9th Cir. 1996)).

B. <u>Clarifications of Judgment</u>

The court may interpret and explain a judgment to guide the parties without express reliance on any particular statute or rule. *See Bordallo v. Reyes*, 763 F.2d 1098, 1101–02 (9th Cir. 1985). This type of relief is available as long as the clarification would not work a substantive change in the result. *See id.* (Governor's request to clarify whether court's judgment was declaratory or mandatory was not request to alter or amend judgment).

In the alternative, the court can clarify the judgment here under Rule 60(a), which allows for the correction of "a clerical mistake or a mistake arising from oversight or omission," including on the court's own motion.[1] The Ninth Circuit takes a broad approach to what constitutes a correctable mistake under Rule 60(a). *Tattersalls*, 745 F.3d at 1297–98 (9th Cir. 2014) (explaining that a "clerical error" covers more than inadvertent omissions or miscalculations); *see also Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 636 (9th Cir. 1989) (request for court to memorialize decision it inadvertently omitted not a request for altering or amending judgment and court's clarification was not substantive change). Thus, a lower court can clarify a

---

[1] Rule 59(e) does not apply given the circumstances here. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). The court entered judgment in this case on December 28, 2015. ECF No. 250. The writ of execution was issued February 8, 2016, and the defendants did not oppose the writ until February 11, 2016. The same time constraints do not apply to a Rule 60(a) motion. *See Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014).

judgment as provided by Rule 60(a) to "reflect the necessary implications of the original order." *Id.* at 1298 (citation and quotation marks omitted). "The touchstone of Rule 60(a) . . . is fidelity to the intent behind the original judgment." *Id.* (citation and quotation marks omitted).

III.     DISCUSSION

The parties' motions raise three questions: first, whether Ross Island is responsible for the entirety of Jared Mitchell's $1.5 million award or just a 10 percent share, the value assigned by the jury; second, whether the judgment entitles Ross Island to contribution, indemnity, or apportionment from Michael Moreno; and third, whether a protective order is necessary.

A.     Whether Federal or State Law Applies

The parties dispute whether federal or state law controls the question of Ross Island's liability to Jared Mitchell. Ross Island claims California Civil Code section 1431.2(a) controls and limits recovery to its proportionate share of liability. Def.'s Resp. Br. at 2–5, ECF No. 247. The plaintiffs argue federal maritime law controls and allows them to recover fully from any person who caused the injury. Pls.; Resp. Br. at 2, ECF No. 248.

General federal maritime law applies in this case. Order Oct. 29, 2015, at 2, ECF No. 217; *see also Pope & Talbot v. Hawn*, 346 U.S. 406, 409 (1953) (although plaintiff was injured within Pennsylvania "and ordinarily his rights would be determined by Pennsylvania law," federal law governed both substantive and procedural aspects of action because basis of his injury was "a maritime tort"); *Sample v. Johnson*, 771 F.2d 1335, 1345 (9th Cir. 1985) (general federal maritime law applies in personal injury cases). That law provides that two parties are concurrent tortfeasors or "jointly responsible wrongdoers" when they both are liable for causing the same injury to the same plaintiff. *See Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 (1976); *Miller v. Christopher*, 887 F.2d 902, 904 (9th Cir. 1989). A plaintiff may recover her full damages from any one responsible person. *Edmonds*, 443 U.S. at 260; *Miller*, 887 F.2d at 904.

Ross Island disagrees, and would have the court look to state law. Although federal courts may look to state law in admiralty cases, such an inquiry is "constrained by a so-

called 'reverse-*Erie*' doctrine" that requires state substantive remedies to fit applicable federal maritime laws. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 223 (1986); *accord Pope & Talbot*, 346 U.S. at 409–10 ("[A] state may not deprive a person of any substantial admiralty rights . . . ."). Here, federal law provides for joint and several liability and allows a plaintiff to recover full damages from any one tortfeasor. *Edmonds*, 443 U.S. at 260. This court may not adopt a California rule that would deprive the plaintiffs of this federal right.

Ross Island reads *Edmonds* too narrowly when it argues that decision is limited to the Longshoremen's and Harbor Workers' Compensation Act. Reply Mot. Quash at 2–5, ECF No. 265. Although *Edmonds* was decided in the context of the Longshoremen's Act, the Court's decision called on general principles developed outside that context. *See* 443 U.S. at 263 (Court "unpersuaded" that Congress wanted to change "'long-established and familiar principl[e]' of maritime law by imposing a proportionate-fault rule" (quoting *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952))); *id.* at 269 (agreeing a ship would be liable for all of plaintiff's damages even though "its negligence may have been only a minor cause of the injury"). After *Edmonds*, the Court has upheld its application of joint and several liability in the broader context of maritime torts. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220–21 (1994) (distinguishing *Edmonds* because it involved no settlement and reasoning "there is no tension between joint and several liability and a proportionate share approach to settlements"). While the *McDermott* Court did describe *Edmonds* as "primarily a statutory construction case," 511 U.S. at 220, this statement cannot be read in isolation to contradict the *McDermott* Court's broader conclusion that joint and several liability principles apply in cases of multiple wrongdoers. *Id.* The Ninth Circuit has also addressed and upheld application of the same rule. In *Miller v. Christopher*, the circuit allowed a plaintiff to recover a full judgment from one of two concurrent tortfeasors "regardless of the comparative degree of fault" and explained that contribution was the "appropriate device" to adjust damages based on fault. 887 F.2d at 904.[2]

---

[2] In this context, contribution is "[o]ne tortfeasor's right to collect from joint tortfeasors when—and to the extent that—the tortfeasor has paid more than his or her proportionate share to the injured party, the shares being determined as the percentages of causal fault." Black's Law Dictionary 378 (9th ed. 2009).

Finally, the court cannot agree with Ross Island that *Martin By and Through Martin v. United States*, 984 F.2d 1033 (9th Cir. 1993), applies here. *Martin* was a Federal Tort Claims Act case. *See generally id.* Federal courts apply state law in Federal Tort Claims Act cases, but again, state law is not controlling in admiralty cases. *See Pope & Talbot*, 346 U.S. at 409–10.

The judgment was valid under maritime law. Jared Mitchell can recover the full amount of his damages from Ross Island. The same law applies to Deanna Moreno.

B.    Contribution, Indemnity, or Apportionment

Having found no reason to quash the writ of execution, the court now addresses whether Ross Island's request is appropriate in the context of a motion to clarify the judgment; whether the law supports Ross Island's request; and whether the court may look to the jury's verdict to reach a decision.

1.    Clarifying the Judgment

As noted, the court can clarify a judgment as long as its clarification is clerical and not substantive. *Tattersalls*, 745 F.3d at 1297–98; *Bordallo*, 763 F.2d at 1101–02. A clerical change corrects a "blunder[] in execution," *Tattersalls*, 745 F.3d at 1297 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577, n.2 (9th Cir. 1987)), whereas a substantive change reflects a change of mind, *id.* As an example of a clerical change, in *Miller v. Transamerican Press, Inc.*, 709 F.2d 524 (9th Cir. 1983), the trial court had denied the plaintiff's motion to compel a deposition witness's answers. *Id.* at 526. Once judgment was entered, the defendant requested an amendment to include a ruling on its request for an award of deposition expenses as sanctions. *Id.* The trial court amended the judgment to include its denial of defendant's motion for sanctions. *Id.* This was a "clerical" change. *Id.* at 527. By contrast, in *Munden v. Ultra-Alaska Associates*, 849 F.2d 383 (9th Cir. 1988), the Ninth Circuit found a request to change the actual costs awarded in a trial court's judgment was substantive, not clerical. *Id.* at 387.

Here, Ross Island requests a clarification of its liability with respect to Jared Mitchell's money judgment. ECF No. 259. As in *Transamerican*, the court here can clarify its ruling on Ross Island's pre-judgment counterclaim. The order Ross Island seeks would not

represent a substantive change, because it would not represent a change in the amount of total damages or alter the jury's assignment of fault. In other words, Ross Island does not ask the court to "change its mind," or more precisely that of the jury. Instead, it is asking for a clarification of the law that applies.

2. <u>Whether Ross Island Can Seek Contribution, Indemnity, or Apportionment</u>

Ross Island seeks contribution, indemnity, or apportionment from Michael Moreno.[3] Mot. Clarification at 6–9, ECF No. 259; Def.'s Reply at 6–7, ECF No. 265. The plaintiffs claim Ross Island waived its right to apportionment because it did not object to the verdict form, which did not distinguish between economic and non-economic damages. Pls.' Opp'n at 7–8, ECF No. 260. Ross Island argues it preserved its right to apportionment by asserting its affirmative defenses and cross-claim, Mot. Clarification at 6–9, and because the jury was instructed on comparative fault, Def.'s Reply at 7.

In federal maritime law, a tortfeasor who pays more than his apportioned share of damages can seek contribution from another person who is at fault but who has not paid his share. *Miller*, 887 F.2d at 904. The Supreme Court's decision in *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106 (1974), addressed the circumstances under which one joint tortfeasor can seek contribution. There the Court upheld the "well-established maritime rule allowing contribution between joint tortfeasors." *Id.* at 113. The Court wrote, "Contribution rests on a finding of concurrent fault." *Id.* at 115. Here, the jury found Ross Island and Michael Moreno were both negligent, and it found Michael Moreno's negligence was a "contributory factor" in causing the accident that injured Jared Mitchell. Verdict at 2, ECF No. 238. Ross Island may therefore seek contribution from Michael Moreno.

The cases the plaintiffs cite to reach the contrary conclusion are not controlling because they were decided in the context of California law, which the plaintiffs have otherwise

---

[3] Ross Island has suggested plaintiffs' counsel faces a conflict of interest. It points out that Jared Mitchell may advocate for payment of his attorney's fees by his co-plaintiffs if Ross Island can hold Michael Moreno accountable for his proportionate share of fault. Mot. Clarification at 7. The plaintiffs have not responded to this suggestion. The court does not address this issue at this time.

7

argued correctly, is not applicable here. *See, e.g.*, *C.B. v. City of Sonora*, 769 F.3d 1005, 1031–32 (9th Cir. 2014); Opp'n at 7–8. Ross Island may seek contribution from Michael Moreno.

### 3. Counterclaim Against Michael Moreno

Ross Island filed a counterclaim against Michael Moreno before the trial began. ECF No. 32. Ross Island claimed it would be entitled to indemnity, apportionment, or contribution from Michael Moreno if he were found responsible for the judgment. *Id.* at 5. Ross Island also requested a set-off for damages proximately caused by Michael Moreno's negligence. *Id.* It specifically requested an order (1) declaring its rights to indemnity, apportionment, or contribution from Michael Moreno; (2) requiring Michael Moreno to pay the amount of the judgment; and, (3) awarding any other equitable and just relief. *Id.* at 5–6. The plaintiffs denied Ross Island's claims. ECF No. 43.

If a counterclaim is presented to a jury, including by assertion of an affirmative defense, the court may defer to the jury's factual findings when ruling on that counterclaim. *See Yamashita-Shinnihon Kisen, K.K. Tokyo v. W. J. Jones & Son, Inc.*, 474 F.2d 847, 853 (9th Cir. 1973). Here, Ross Island counterclaimed that Michael Moreno's negligence caused the accident and that he should be held responsible for his part of any judgment. ECF No. 32. The jury was asked to determine whether Michael Moreno was negligent, whether his negligence was a "contributory factor in causing the accident" and, if so, what percentage of responsibility it would assign to him. ECF No. 238. The jury found Michael Moreno negligent and that his negligence was a contributory factor, and assigned him 90 percent of the responsibility for the harm suffered. *Id.* Thus, in response to Ross Island's request for an order, and deferring to the jury's determination, *Yamashita*, 474 F.2d at 853, the court agrees that Ross Island is entitled to contribution from Michael Moreno.

### IV. PROTECTIVE ORDER

Ross Island's motion for a protective order was filed without the benefit of the court's decision here, as was the remainder of the parties' briefing and the associated post-judgment discovery requests. In these circumstances, the prudent course is to deny Ross Island's motion as moot. Any further post-judgment discovery disputes shall be adjudicated according to

the Local Rules of this district as they would normally apply if judgment had not yet been entered.

V. CONCLUSION

The motion to quash Jared Mitchell's writ of execution is DENIED. The judgment is CLARIFIED to read that Jared Mitchell and Deanna Moreno may recover the full amount of their damages from Ross Island. However, Ross Island's request for an order declaring its rights is also GRANTED: Ross Island is entitled to contribution from Michael Moreno for his ninety percent proportionate share of liability. Ross Island's motion for a protective order is DENIED AS MOOT. Any further post-judgment discovery disputes shall be adjudicated according to the Local Rules of this district that would apply if judgment had not yet been entered.

This order resolves ECF Nos. 258, 259, and 270.

IT IS SO ORDERED.

DATED: June 29, 2016.

_____
UNITED STATES DISTRICT JUDGE