1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DEANNA MORENO et al., | No. 2:13-cv-00691-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| ROSS ISLAND SAND & GRAVEL, CO. et al., | |
| Defendants. | |

On July 21, 2016, defendants appealed this court's order clarifying plaintiffs' December 28, 2015 judgment award. Defendants move this court to approve a supersedeas bond of $1,768,750.00 and stay enforcement of the judgment pending the outcome on appeal. Plaintiffs oppose the motion. The court submitted defendants' motion without oral argument. ECF No. 295. As discussed below, the court GRANTS defendants' motion and approves the supersedeas bond of $1,768,750.00 and stays execution of judgment pending appeal.

I.      FACTS AND PROCEDURAL HISTORY

Plaintiffs Michael Moreno and his stepson Jared Mitchell were injured when Michael Moreno drove his boat, in which he and his son Jared Mitchell were passengers, into defendant Ross Island's dredge pipeline. *See* Prior Order 2, ECF No. 275. As a result, Deanna Moreno, Michael Moreno's wife and Jared Mitchell's mother, suffered emotional distress. *Id.*

1

All three plaintiffs proceeded to trial against Ross Island on a negligence claim. *Id.* On November 3, 2015, the jury found Michael Moreno had sustained $400,000.00 in damages, Jared Mitchell $1.5 million, and Deanna Moreno $25,000.00. *Id.* The same jury assigned ninety percent of the fault for the accident to Michael Moreno and ten percent to Ross Island. ECF No. 238.

On December 28, 2015, this court entered judgment "in accordance with the jury verdict." ECF No. 250. On February 11, 2016, defendants moved to clarify the terms of the December 28, 2015 judgment. ECF No. 259. On June 30, 2016, the court granted defendants' request and explained defendants were entitled to contribution from Michael Moreno for his ninety percent share of liability; Jared Mitchell and Deanna Moreno were entitled to the full amount of damages from Ross Island. Prior Order at 6–9. Defendants appealed the clarification order on July 21, 2016. ECF No. 276. On August 30, 2016, defendants filed notice of posting a supersedeas bond in the amount of $1,768,750.00 to "stay the execution of judgment pending appeal." ECF No. 280.

On September 15, 2016, defendants moved this court to grant its supersedeas bond and stay the execution of the December 28, 2015 judgment. Mot. 1–2, ECF No. 288. Plaintiffs opposed this motion, Opp'n, ECF No. 289, and defendants replied, Reply, ECF No. 290.

II.     DISCUSSION

Defendants contend they are entitled to a stay as a matter of right because they appealed this court's order clarifying the December 28, 2015 judgment and posted a supersedeas bond. Mot. at 5. While plaintiffs do not challenge the amount of the bond, they contend a stay is not warranted because defendants' appeal only challenges the order clarifying the court's judgment and not the judgment itself. Opp'n at 4–11. Plaintiffs also contend the bond is inadequate because it does not name all plaintiffs. *Id.* at 10.

A party taking an appeal from the District Court is entitled to a stay of a money judgment "as a matter of right" if he posts a bond in accordance with Fed. R. Civ. P. 62(d). *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000) (quoting *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (memorandum decision)).

Rule 62(d) provides, in relevant part,

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). The rule is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision. *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000). District courts have inherent discretionary authority to set the amount of and accept (or not) a supersedeas bonds. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987); *Wunschel & Small, Inc., v. United States*, 554 F.Supp. 444–45 (U.S.Cl.Ct. 1983) (Rule 62(d) does not preclude the court from issuing a stay without a bond or upon the posting of a partial bond).

Here, defendants appealed the district court's order clarifying the December 28, 2015 judgment. ECF No. 276. A month later, defendants filed notice indicating they had posted a supersedeas bond to stay the execution of the judgment pending appeal. ECF No. 280. Because "an appeal" is taken, the court finds defendants are entitled to a stay. *Am. Mfrs. Mut. Ins. Co.*, 87 S. Ct. at 1.

Plaintiffs contend that because defendants do not directly appeal the December 28, 2015 judgment, but instead appeal the June 30, 2016 order clarifying the judgment, defendants' appeal does not fall within the scope of Rule 62(d). Opp'n at 4–9. Plaintiffs cite no authority limiting the rule to appeals directly challenging the judgment, and the rule's plain text does not require such a limited reading.

Plaintiffs further contend the supersedeas bond does not "adequately name each of the judgment creditors intended to be benefitted by the bond." Opp'n at 11. Again, plaintiffs cite to no authority mandating that a bond name each judgment creditor, and the plain reading of Rule 62(d) does not require such detail. *See In re Wymer*, 5 B.R. 802, 805 (B.A.P. 9th Cir. Cal. 1980) (Rule 62(d) only requires bond to be in "sufficient amount to cover the unsatisfied judgment, costs on appeal, interest and damages for delay.").

Accordingly, the court approves defendants' motion to post a supersedeas bond in the amount of $1,768,750.00 and stays the case pending appeal.

III.     CONCLUSION

For the foregoing reasons, the court APPROVES defendants' request to post a supersedeas bond in the amount of $1,768,750.00, and STAYS the execution of the judgment pending appeal.

This order resolves ECF No. 288.

IT IS SO ORDERED.

DATED:  May 18, 2017.

_____
UNITED STATES DISTRICT JUDGE